UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZENAIDA ACEVEDO, KELSIE REED,
JOANNA DWYER, and COLLEEN PITTS, on
behalf of themselves and all other employees
similarly situated,

                Plaintiffs,

v.

WORKFIT MEDICAL LLC, WORKFIT
STAFFING LLC, DELPHI HEALTHCARE
PLLC, DELPHI HOSPITALIST SERVICES
LLC, and C. JAY ELLIE, JR., M.D.,

                Defendants.

**DECISION AND ORDER**

14-CV-06221 EAW

---

On September 17, 2014, the Court entered a Decision and Order granting Plaintiffs' motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). (Dkt. 36) (the "September 17th Decision and Order"). Familiarity with the September 17th Decision and Order and the factual background of this case is presumed for purposes of this Decision and Order. The Court further ordered the parties to confer regarding the content and form of the notice to be sent to prospective opt-in plaintiffs and, if they were unable to agree, to "make a single joint submission no longer than 15 pages to the Court consisting of each

party's proposal and legal authority setting forth the areas of disagreement and the parties' respective positions as to each. . . ." (*Id.* at 23-24).

The parties were unable to agree on the form and content of the notice. Yet, instead of complying with the Court's instructions, they have submitted over 100 pages of documents, including a memorandum, two attorney affidavits, and voluminous (and largely unnecessary) exhibits. (*See* Dkt. 40). This improper submission details the parties' many disagreements about even the most minute details of the notice, including trivialities such as the use of italics and font size. The submission borders on frivolous and demonstrates a lack of any real effort by counsel to narrow the issues for judicial review. As a result, the Court has been forced to unnecessarily expend considerable judicial resources. Nevertheless, notice must be sent to the potential opt-in plaintiffs. While the Court would have been justified in rejecting the parties' submission outright and requiring compliance with its instructions in the September 17th Decision and Order, the Court is not optimistic that this would result in any more reasonable submissions on the part of the parties. As a result, the Court has reviewed the parties' submission and now resolves the issue of the form and content of the notice.

Neither of the parties' proposed notices can be said to fairly, accurately, and understandably provide notice to potential members of the collective action. Instead, each contains language that unduly serves the interests of the proposing party. Given the Court's "broad discretion" to determine the form of the notice and its specific provisions,

*Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 95 (E.D.N.Y. 2010), the Court hereby adopts a modified form of notice as set forth in Exhibit A hereto. *See also Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) ("Under the FLSA, the content of the notice is left to the court's discretion.").

In crafting the modified notice set forth in Exhibit A, the Court has considered all the objections raised by the parties with respect to the other's proposal. The Court was guided by "'the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate.'" *Delaney*, 261 F.R.D. at 59 (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007)) (alteration in original).

I.  **Content of the Notice**

Plaintiffs' proposed notice is formatted in an accessible, easy to read format. In addition, Plaintiffs' notice is drafted in plain language that is understandable to a layperson. For that reason, the Court has adopted Plaintiffs' proposed format as its starting point, with modifications to the content for the following reasons.

The Court has expanded the introductory paragraph describing the case to provide a fuller explanation and to include the Defendants' position. "Courts in this Circuit have

found proportionality the key to assessing whether a proposed notice adequately captures the defendant's position." *Hernandez v. Merrill Lynch & Co.*, No. 11 CIV. 8472 KBF, 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012). Plaintiff's proposed notice failed to achieve adequate proportionality by omitting the Defendants' position on the first page.

The Court has modified the description of those included in the conditional certification to more accurately reflect the holding in the September 17th Decision and Order.

The Court has deleted the line reading "Any questions? Read on and visit www.theemploymentattorneys.com." This reference to the home page of Plaintiffs' counsel's website is inappropriate and unhelpful to potential opt-in plaintiffs. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 401 (E.D.N.Y. 2011) ("[T]he inclusion of plaintiffs' counsel's website address is unnecessary given the fact that the Notice . . . clearly lists plaintiffs' counsel's names, addresses and phone numbers.").

The Court has removed all references to a "class" or "class representatives." Such references inappropriately conflate a collective action with a class action and may be confusing to potential opt-in plaintiffs. "[T]he court's interest in preventing undue confusion among putative members of class or FLSA collective actions under its supervision during the certification and notification phases of the case is a substantial one." *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 99 (W.D.N.Y. 2010). Here,

omitting the references to a "class" and to "class representatives" will minimize confusion and is thus appropriate.

The Court has retained that portion of Plaintiffs' proposed notice informing potential opt-in plaintiffs that they may still be eligible to participate in the lawsuit if they have previously received a payment from Defendants for past comp time, overtime, or unpaid wages, but has omitted those portions purporting to state the relevant law and/or instructing potential opt-in plaintiffs to contact Plaintiffs' counsel with questions related to such payments. The Court agrees with Plaintiffs that there is a significant danger potential opt-in plaintiffs who have received payments from Defendants will assume that they are precluded from participating in the collective action and that this issue should be addressed in the notice. However, potential opt-in plaintiffs have the right to seek their own counsel and should not be led to believe that they are constrained to consulting Plaintiffs' attorneys as to this issue.

The Court has omitted the sentence "However, this notice and its contents have been authorized by the federal district court, Honorable Elizabeth A. Wolford" from the section entitled "Has the Court decided who is right?" This sentence is duplicative of the earlier sentence noting that the Court authorized distribution of the notice, and its inclusion under the heading "Has the Court decided who is right?" could cause potential opt-in plaintiffs to infer that the Court's authorization of notice is in some way a decision on the merits of the case.

The Court has modified the notice to set forth a 60 day opt-in period. Courts in this Circuit routinely establish 60 day opt-in periods. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that a 60 day opt-in period is "more consistent with FLSA practice" than a 90 day opt-in period); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y. 2011) ("[A]llowing for a sixty day notice period for potential plaintiffs to return their opt-in forms is appropriate and is common practice under the FLSA."). Plaintiffs have not set forth any compelling reason why this action requires a lengthier opt-in period.

The Court has omitted the sentence "Such conduct is illegal and you are entitled to additional damages should a court determine Defendants took any action against you for joining this lawsuit" from the section entitled "I am afraid Defendants may take some action against me if I join." This sentence is unnecessarily inflammatory and does not provide potential opt-in plaintiffs with information that is not conveyed by the prior statement that "Federal law prohibits Defendants from discharging or in any other manner discriminating against you because you 'opt-in' to this case, or have in any other way exercised your rights under the Fair Labor Standards Act."

The Court has modified the language under the section entitled "Do I have to do anything to help out with the lawsuit once I join?" to describe potential discovery obligations in more detail. However, the Court has not accepted Defendants' proposal that the notice should contain language regarding potential obligations to pay costs or for

liability on counterclaims. "Courts in the Second Circuit routinely approve the inclusion of a neutral and nontechnical reference to discovery obligations to be included in the Notice." *Dilonez v. Fox Linen Serv. Inc.*, No. CV 13-00845 JS GRB, 2014 WL 3893094, at *7 (E.D.N.Y. July 25, 2014) (quotation omitted). However, "as to defendants' proposed language regarding potential costs and counterclaims against plaintiffs, this district often rejects such language because it imposes an *in terrorem* effect that is disproportionate to the actual likelihood the costs or counterclaim damages will occur." *Id.* (quotation omitted) (collecting cases); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 95 (E.D.N.Y. 2010) (declining to include language regarding costs).

Under the heading "Do I have a lawyer in this case," the Court has removed the language describing Plaintiffs' counsel's practices and the references to their websites. The language in question is unnecessary and could be viewed as encouraging potential opt-in plaintiffs not to seek counsel of their choosing, but to elect to be represented by Plaintiffs' counsel.

The Court has added a section including contact information for defense counsel. Other courts in this Circuit have approved the inclusion of information regarding defense counsel in the notice. *See, e.g., Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y. 2011) ("Defendants request that their counsel's name, address, and telephone number be included on the notice. I find this request to be reasonable, and such

information is routinely included in notices of pendency."). A simple reference to defense counsel is not, as Plaintiffs suggest, unduly confusing.

The Court approves the "Consent to Become a Party Plaintiff" and "Information Sheet" forms proposed by Plaintiff. Contrary to Defendants' proposal, there is no need for the consent forms to require opt-in plaintiffs to provide their telephone numbers and addresses on publicly available documents.

Finally, with respect to the dispute over whether the notice should be distributed by email, the Court has already held that "Plaintiffs have adequately justified their need for potential plaintiffs' telephone numbers **and email addresses** in order to successfully and efficiently contact the potential plaintiffs." (September 17th Decision and Order at 25) (emphasis added). The September 17th Decision and Order was clear that email contact was permissible in this case. If Plaintiffs' counsel wishes to email the notices to potential opt-in plaintiffs in addition to sending them by regular mail, they may do so.

## II.   Defendants' Additional Objections

To the extent they are not addressed by the changes discussed above, the Court has considered Defendants' additional objections to Plaintiffs' proposed notice and has found them to be without merit. In particular, the Court has rejected the following proposals by Defendants.

Defendants ask the Court to replace the heading "United States District Court Western District of New York" with a heading indicating the notice is from Plaintiffs'

counsel. (Dkt. 40 at 10-11). Defendants further ask the Court to find that the "language, placement and emphasis, via italics" of the statement "A court authorized this notice. This is not a solicitation from a lawyer" is inappropriate and to omit the statement "the Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of current and former hourly employees who were affected by Defendants' pay policies." (*Id.*). According to Defendants, these changes are necessary to avoid the appearance of court sponsorship. The Court disagrees.

Numerous courts, including this one, have held that the inclusion of the name of the court or other language referring to the court on a notice does not imply court approval or sponsorship. *See Macpherson v. Firth Rixson Ltd.*, 12-CV-6162 CJS, 2012 WL 2522881, at *6 (W.D.N.Y. June 28, 2012) ("[T]he Court does not believe that the inclusion of the Court's name or the statement, 'A court authorized this notice,' will mislead potential plaintiffs into thinking that the case has merit. In that regard, the proposed notice states that, "The Court has not decided whether [the defendant] did anything wrong. There is no money available now, and no guarantee there will be.'"); *see also North v. Bd. of Trustees of IL State Univ.*, 676 F. Supp. 2d 690, 699 (C.D. Ill. 2009) ("[T]he inclusion of the caption of the case and the judges' names is not likely to mislead a recipient into believing that the notice constitutes an 'invitation' from the Court. The proposed notice also states in several locations that the Court has taken no position on the merits of the action, and also notes that recipients have the right not to

join the collective action and may hire their own attorney."); *Byard v. Verizon W. Virginia, Inc.*, 287 F.R.D. 365, 376 (N.D.W. Va. 2012) ("[T]he case caption does not suggest any judicial bias."); *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 1720615, at *3 (E.D. Mich. May 16, 2012) ("[M]entioning the Court ensures that the reader understands the Notice is not junk mail."). The language included in Plaintiffs' proposed notice is neutral in tone and accurate and does not improperly imply judicial approval or sponsorship.

Defendants ask the Court to remove the boxes on the front page of the notice reading "ASK TO BE INCLUDED" and "DO NOTHING." (Dkt. 40 at 12). Defendants argue that the language in these boxes "emphasizes money and benefits" and that "[i]ts purpose and/or consequence is not to notify potential opt-in plaintiffs of their complete rights, but instead, to create desire for money and benefits, thereby, soliciting the individuals to join the lawsuit." (*Id.*). Again, the Court disagrees. The inclusion of a simple explanation of potential opt-in plaintiffs' options at the beginning of the notice is desirable. The language proposed by Plaintiffs accurately describes the options and the consequences thereof. Other courts have approved language similar to the language used here. *See, e.g., Camesi v. Univ. Of Pittsburgh Med. Ctr.*, No. CIV.A.09-85J, 2009 WL 4573287, at *1 (W.D. Pa. Dec. 1, 2009).

The other issues raised by Defendants have been addressed by the Court's modifications and do not merit further discussion.

## CONCLUSION

For the reasons set forth above, the Court orders the parties to use the form and content of the notice attached to this Decision and Order as Exhibit A. The Court approves for use in this action the "Consent to Become a Party Plaintiff" and "Information Sheet" proposed by Plaintiffs. (Dkt. 40-2 at 7-8).

SO ORDERED.

---
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 24, 2014
      Rochester, New York

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**If you were employed by WorkFit or Delphi a lawsuit may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Employees have sued WorkFit Medical, LLC, WorkFit Staffing LLC, Delphi Healthcare PLLC, Delphi Hospitalist Services LLC and Dr. C. Jay Ellie, Jr. ("Defendants"). The lawsuit at issue was filed on May 2, 2014, against Defendants in the United States District Court for the Western District of New York. The employees allege that Defendants violated the Federal Fair Labor Standards Act by not paying eligible employees time and one-half, or overtime compensation, for all hours worked in excess of 40 hours in a week. Defendants deny the Plaintiffs' allegations, and deny that they are liable to the Plaintiffs for any of the back pay, damages, costs or attorneys' fees sought.

- The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of current and former hourly employees who claim they did not receive overtime pay at the rate of time and one-half for any work they performed in excess of 40 hours each work week.

- The Court has not decided whether Defendants did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| **ASK TO BE INCLUDED** | **Join in this lawsuit. Await the outcome. Give up right to sue separately.**<br><br>By joining, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue Defendants separately about the same legal claims in this lawsuit. |
| **DO NOTHING** | **Do nothing. Get no benefits from this lawsuit. Keep right to sue separately.**<br><br>If you do nothing and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue Defendants separately about the same legal claims in this lawsuit. |

- Your options are further explained in this notice.

## BASIC INFORMATION

### 1. Why did I get this Notice?

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiffs. It also explains what you need to do to participate, or not participate, and how your rights may be affected.

### 2. What is a collective action and who is involved?

In a collective action lawsuit, one or more people sue on behalf of other people who have similar claims. The lawsuit at issue was filed on May 2, 2014, against the Defendants in the United States District Court for the Western District of New York. Specifically, the named Plaintiffs (in this case Zenaida Acevedo, Kelsie Reed, Joanna Dwyer, and Colleen Pitts) seek to sue on behalf of any and all hourly employees who have worked at WorkFit Medical, LLC, WorkFit Staffing, LLC, Delphi Healthcare PLLC and Delphi Hospitalist Services LLC at any time within the three years preceding May 2, 2014 (or who are currently employed there), and were not properly compensated for overtime hours.

### 3. Can I still participate in the case even if Defendants previously paid me for back wages or comp time?

If you received a payment from Defendants for past comp time, overtime, or other unpaid wages, you may still be eligible to participate in this lawsuit. Additionally, if you were asked to sign a release, waiver, or any other document stating that you did not intend on joining the lawsuit, you may still be eligible to participate in the lawsuit.

### 4. What does the lawsuit complain about?

The named Plaintiffs allege that Defendants violated the Federal Fair Labor Standards Act by not paying eligible employees overtime compensation. The named Plaintiffs allege that instead of paying overtime, Defendants tracked overtime hours worked as compensatory or comp time. The lawsuit is seeking back pay and liquidated damages from Defendants, as well as costs and attorneys' fees to compensate such eligible employees.

### 5. How do Defendants answer?

Defendants deny the Plaintiffs' allegations, and deny that they are liable to the Plaintiffs for any of the back pay, damages, costs or attorneys' fees sought.

### 6. Has the Court decided who is right?

The Court has taken no position in this case regarding the merits of the Plaintiffs' claims or the Defendants' defenses.

## YOUR RIGHTS AND OPTIONS

### 7. How do I join?

You may join this case (that is, you may "opt-in") by completing and mailing the attached "Consent to Become Party Plaintiff" form to the Plaintiffs' counsel at the following address:

> Jonathan W. Ferris, Esq.
> THOMAS & SOLOMON LLP
> 693 East Avenue
> Rochester, NY 14607
> 1-877-272-4066

The form must be sent to the Plaintiffs' counsel in sufficient time to have Plaintiffs' counsel file it with the federal court on or before [insert date that is 60 days from date of notice mailing]. If you fail to return the Consent to Become Party Plaintiff form to the Plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

### 8. What if I do nothing?

If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result (whether favorable or unfavorable). Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years.

### 9. I am afraid Defendants may take some action against me if I join.

Federal law prohibits Defendants from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

### 10. Do I have to do anything to help out with the lawsuit once I join?

The lawyers will handle most of the presentation of the case. From time-to-time, your lawyers will ask you for information which you would need to provide. While this suit is proceeding, you also may be required to respond to written questions, participate in depositions (i.e. answer questions from Defendants' attorneys prior to trial), and/or testify in court. If you are asked to give information, your legal team will work with you so that the process is as convenient for you as possible.

## THE LAWYERS REPRESENTING YOU AND DEFENDANTS

### 11. Do I have a lawyer in this case?

The law firms of Thomas & Solomon LLP and Klafehn Heise & Johnson PLLC are the counsel representing the named Plaintiffs in this action.

Unless you choose another lawyer (see below) these attorneys will represent you in the action if you choose to join.

### 12. Should I get my own lawyer?

You do not need to hire your own lawyer because Thomas & Solomon LLP and Klafehn Heise & Johnson PLLC are working on your behalf. However, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form by [insert date that is 60 days from date of notice mailing].

### 13. Do Defendants have a lawyer in this case?

The attorneys for the Defendants are:

PHILLIPS LYTLE LLP
1400 First Federal Plaza
Rochester, NY 14614
585-238-2029

If you choose to join the lawsuit, you should not contact Defendants' lawyers directly.

### 14. How will the lawyers be paid?

If the attorneys get money or benefits for the employees, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants the lawyers' request, the fees and expenses would be either deducted from any money obtained for the Plaintiffs or paid separately by Defendants.

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

### 15. Are more details available?

Further information about this Notice, the deadline for filing a Consent to Become Party Plaintiff, or questions concerning this lawsuit may be obtained by writing or phoning the named Plaintiffs' counsel at:

Jonathan W. Ferris, Esq.
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
1-877-272-4066
**E-mail:** info@workfitdelphiovertime.com
